**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

VENUS HARDY,

    Plaintiff,

vs.                                                                         Case No. 3:11-cv-56-J-32JRK

PSI FAMILY SERVICES, INC.,

    Defendant.

## ORDER

An arbitration provision allows an aggrieved employee to seek "relief" from the Equal Employment Opportunity Commission ("EEOC"), but also requires that all claims "under federal, state, or local civil rights law" be arbitrated. The question is whether an employee who has received a "right to sue" letter from the EEOC may "sue" in court or still must arbitrate her civil rights claims.

This case is before the Court on Defendant PSI Family Services, Inc.'s ("PSI") Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, in the alternative, to Compel Arbitration (Doc. 5) and Plaintiff's response thereto (Doc. 6). For the reasons below, Defendant's motion is due to be granted in part and denied in part, and this action will be stayed pending arbitration of Plaintiff's claims.

**I.     Background**

Plaintiff, an African American female, was employed by PSI as a Counselor. Doc. 2 ¶ 7. Plaintiff alleges that PSI wrongfully terminated her on or about September 4, 2009.

Id. ¶ 15.  Plaintiff further alleges that throughout her employment with PSI, she was "harassed and subjected to intimidation, humiliation, unequal terms and conditions of employment in terms of discipline and wages as well as promotion."  Id. ¶ 16.

On January 24, 2007, Plaintiff and PSI entered into a fully-executed employment agreement.  Doc. 5-4 (the "Agreement").  The Agreement contained the following language in Section Twelve, entitled "ARBITRATION" (the "Arbitration Clause"):

> "Any controversy or claim arising out of or relating to Employee's employment with the Company or the termination thereof, *including but not limited to claims under federal, state or local civil rights law* shall be resolved by arbitration before a neutral arbitrator in the jurisdiction in which the work hereunder is performed in accordance with the laws of said jurisdiction and the applicable rules of the American Arbitration Association or such other rules as are agreed upon by the parties to this Agreement. . . .  Nothing in this Agreement shall be construed to limit any substantive rights or remedies that any party may have arising out of or relating to the employment relationship.  *This Agreement does not affect Employee's right to seek relief from the Equal Employment Opportunity Commission* or from any state or local government administrative authority."

Id. at 5 (emphasis added).

In May 2010, consistent with the terms of the Arbitration Clause, Plaintiff filed a Charge of Discrimination based on race against PSI with the EEOC.  Doc. 2 ¶ 11.  In July 2010, the EEOC issued Plaintiff a Dismissal and Notice of Rights Letter ("Right to Sue Letter") regarding her Charge of Discrimination.  Id. ¶ 12.[1]  Plaintiff then filed this action in

---

[1]  In her Opposition to PSI's Motion, Plaintiff quotes the Right to Sue Letter as providing the following:

> "This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice or your right to sue based on this charge will be lost."

state court within ninety (90) days of her receipt of the Right to Sue Letter, in accordance with its terms. Id. ¶ 13. PSI removed to this Court (Doc. 1).

In her First Amended Complaint, Plaintiff asserts the following claims: (1) employment discrimination under Section 703 of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-2 ("Title VII"); (2) employment discrimination under the Florida Civil Rights Act ("FCRA"), § 760.10(1)(a), Fla. Stat.; and (3) retaliation under the Florida Private Sector Whistleblower Act, §§ Fla. Stat. 448.101-448.105. Id. ¶ 20-39. Defendant seeks to dismiss Plaintiff's action pursuant to the Arbitration Clause and Fed.R.Civ.P. 12(b)(1), or alternatively, to stay the action pending arbitration.

**II.     Analysis**

**A.     Arbitration and the Federal Arbitration Act**

When a contract contains a written arbitration clause and concerns a transaction involving commerce, the Federal Arbitration Act ("FAA"), 9 U.S.C. § § 1 et seq., applies. See Southland Corp. v. Keating, 465 U.S. 1, 11 (1984). "[T]he FAA requires a court to either stay or dismiss a lawsuit and to compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles and (b) the claims before the court fall within the scope of that agreement." Lambert v. Austin Ind., 544 F.3d 1192, 1195 (11th Cir. 2008)(citing 9 U.S.C. §§ 2-4; Paladino v. Avnet Computer Tech. Inc., 134 F.3d 1054, 1056 (11th Cir. 1998)). Plaintiff does not dispute the existence or validity of the Agreement or the Arbitration Clause,

---

Doc. 6 at 4.

nor does she dispute the FAA's applicability.  Instead, Plaintiff challenges whether the Arbitration Clause reaches her claims, which she contends fall under the umbrella of "relief from the [EEOC]" as opposed to being "claims under federal, state or local civil rights law." To this end, citing no authority, Plaintiff argues that "the Arbitration Clause specifically excludes Plaintiff's claims[,] which are based on claims subject to the [EEOC] and comparable Florida Administrative Authorities."  Doc. 6 at 4.

Though there is a strong federal policy favoring arbitration as an alternative means of dispute resolution, Becker v. Davis, 491 F.3d 1292, 1298 (11th Cir. 2007), "'[a]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.'" AT&T Techs., Inc. v. Communications Workers of America, Inc., 475 U.S. 643, 648 (1986)(citation omitted).  "The question whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability' is 'an issue for judicial determination unless the parties have clearly and unmistakably provided otherwise.'" Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002)(quoting AT&T Techs., Inc., 475 U.S. at 649).  However, in accordance with the strong policy in favor of arbitration, where, as here, the existence of an arbitration agreement is undisputed, doubts as to whether a claim falls within the scope of that agreement should be resolved in favor of arbitrability.  See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).  "When a contract contains an arbitration clause, a court should compel arbitration unless 'it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" Northbrook Indem. Co. v. First Auto. Serv. Corp., N.M., 2008 WL 3009899 (M.D. Fla. August 1, 2008)(quoting AT&T Techs., Inc.,

475 U.S. at 650).

The Arbitration Clause explicitly compels arbitration of claims "under federal, state or local civil rights law." Each of Plaintiff's three claims in this action arise under either federal or state civil rights law, *i.e.*, Title VII, the FCRA, and the Florida Whistleblower Act. As a result, the Court would be hard-pressed to say "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." AT&T Techs., Inc., 475 U.S. at 650.

The Arbitration Clause's provision that the "Agreement does not affect Employee's right to seek relief from the [EEOC]" does not change this result. The Court reads that language to allow Plaintiff to do exactly what she did before bringing this case - file a Charge of Discrimination with the EEOC. Once the EEOC dismissed Plaintiff's charge and issued the Right to Sue Letter, Plaintiff had received the totality of any "relief" which was forthcoming from the EEOC. *Cf.* EEOC v. Waffle House, Inc., 534 U.S. 279, 294 (2002)(holding that an arbitration agreement between an employer and employee cannot bar the EEOC from pursuing "victim-specific relief," such as backpay, reinstatement, and damages, in an enforcement action brought *by the EEOC* on behalf of the employee.) At that point, Plaintiff was required by virtue of the Arbitration Clause to arbitrate "[a]ny controversy or claim arising out of or relating to Employee's employment with the Company or the termination thereof, including but not limited to claims under federal, state or local civil rights law."[2] Doc. 5-4 at 5. This reading gives consistent effect to both provisions of the

---

[2] Stated differently, the EEOC's issuance of a Right to Sue Letter advising Plaintiff of her right to sue for the claims underlying her Charge of Discrimination did not negate her

Arbitration Clause.[3]  Thus, Plaintiff is compelled to resolve the claims raised in the First Amended Complaint through arbitration.  See Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1313-14 (11th Cir. 2002)(arbitration provision mandating that "all claims by a Harden employee arising out of his/her employment must be resolved through arbitration, including all Title VII claims or actions, and all actions based upon any form of discrimination" required plaintiff's employment discrimination claims to be arbitrated).

### B.    Disposition

Having found that arbitration is required, the Court next addresses the disposition of this action.  Section 3 of the FAA requires that a court, upon being satisfied that the issue involved must go to arbitration, "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3.  Courts have also found that dismissal of the lawsuit for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) is appropriate when all issues raised in the action are arbitrable.  See Lambert, 544 F.3d at 1195; Employers Insurance of Wausau v. Bright Metal Specialties, Inc., 251 F.3d 1316, 1321-22 (11th Cir. 2001); Chapman v. Lehman Bros., Inc., 279 F. Supp. 2d 1286,

---

binding agreement to arbitrate those claims once Plaintiff elected to pursue them.

[3]    The FAA places arbitration agreements on the same footing under state law as other contracts.  AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc., 508 F.3d 995, 1002 (11th Cir. 2007)(citing Perry v. Thomas, 482 U.S. 483, 492 n. 9 (1987)).  Under the Agreement, Florida law is operative.  Construing the Arbitration Clause as Plaintiff suggests would render her agreement to arbitrate civil rights claims meaningless as a practical matter, a result contrary to Florida contract law.  See McArthur v. A.A. Green & Co. of Florida, Inc., 637 So. 2d 311, 312 (Fla. 3d DCA 1994)("Clearly, we are constrained by law to construe a contract as a whole so as to give effect, as here, to all provisions of the agreement if it can be reasonably done.")

6

1290 (S.D. Fla. 2003); Thompson v. Nienaber, 239 F. Supp. 2d 478, 482-84 (D.N.J. 2002). To ensure that Plaintiff's right to arbitration is protected, this Court will stay the action pending arbitration rather than dismiss it outright.

Accordingly, it is hereby

**ORDERED**:

1. PSI's Motion to Dismiss or, in the alternative, to Compel Arbitration (Doc. 5) is **GRANTED in part and DENIED in part** as stated herein. The Court declines PSI's request to tax costs to Plaintiff.

2. This case is **STAYED** pending arbitration of Plaintiff's claims. **No later than October 7, 2011**, the parties shall jointly file a report with the Court regarding the status of their arbitration.

3. In the interim, the Clerk should administratively close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of April, 2011.

TIMOTHY J. CORRIGAN
United States District Judge

jmm.
Copies:
counsel of record